UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROLYN CHANDLER HARRIS                                                                PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:25-CV-292-DPJ-ASH

DOLLAR GENERAL                                                                        DEFENDANTS
CORPORATION, ET AL.

ORDER

This matter is before the Court *sua sponte* to address deficiencies in Defendants Dollar General Corporation and MDC Coast 21, LLC's Rule 7.1 disclosure statements. On April 4, 2025, Plaintiff Carolyn Chandler Harris filed this lawsuit against Defendants Dollar General, MDC Coast, John Does 1-10, Jane Does 1-10, and ABC Corporations 1-10. Compl. [1]. Dollar General and MDC Coast each filed an answer and a Rule 7.1 disclosure statement. Answers [6] [7]; Disclosure Stmts. [8] [9]. Because both 7.1 disclosure statements contain deficiencies, the Court orders both parties to file corrected and complete 7.1 disclosure statements.

Under Federal Rule of Civil Procedure 7.1 and Local Rule 7(c), a nongovernmental corporation must file with its initial pleading a Rule 7.1 disclosure statement. And effective December 1, 2022, *every* party or intervenor in a case in which jurisdiction is based on diversity must file a disclosure statement in accordance with Rule 7.1(a)(2). That disclosure statement

> must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2); *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("'[A]llegations regarding the citizenship of a corporation must set out the

principal place of business of the corporation as well as the state of its incorporation,' . . . [and] a party 'must specifically allege the citizenship of every member of every LLC.'" (first quoting *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985), then quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017))).

As an initial matter, Dollar General says that Dolgencorp, LLC, is the proper party because it owns and operates the store identified in Harris's complaint. Answer [6] ¶ 2. But even if Dolgencorp, LLC, is the proper party, its Rule 7.1 disclosure statement fails to adequately allege its citizenship. Its statement says that "Dolgencorp, LLC, is a wholly owned subsidiary of Dollar General Corporation, a publicly traded company and citizen of Tennessee. Dolgencorp, LLC, is a single member LLC and a citizen of Kentucky." Disclosure Stmt. [8]. Because it fails to specifically *name* its single member, Dolgencorp fails to properly allege diversity of citizenship and its 7.1 disclosure statement is therefore incomplete. *See Midcap Media Fin., L.L.C.*, 929 F.3d at 314; *see also SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (explaining that LLC ownership and membership are not necessarily synonymous). If its single member is Dollar General, then Dolgencorp should say so. MDC Coast's 7.1 disclosure statement suffers from similar problems because it also fails to specifically identify all its member(s) and "the citizenship of every member." *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting *Settlement Funding, L.L.C.*, 851 F.3d at 536). Instead, it simply says who its owner is. MDC Coast must specifically address its members.

Because Dolgencorp and MDC Coast's Rule 7.1 disclosure statements are deficient, the Court orders Dolgencorp (to the extent it contends it is the proper party) and MDC Coast to file corrected and complete Rule 7.1 disclosure statements within 7 days of this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2025.

>s/ *Andrew S. Harris*
>UNITED STATES MAGISTRATE JUDGE